# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4033 | **DATE** | 7/15/2010 |
| **CASE TITLE** | Raheen Wade (#2010-0325253) v. Tom Dart, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's application to proceed *in forma pauperis* [3] is granted. The trust fund officer at Plaintiff's place of confinement is authorized to deduct $12.20 from Plaintiff's trust fund account as an initial partial filing fee and to continue making deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund office at the Cook County Jail. The clerk shall also issue summonses for service of the complaint on the Defendants Tom Dart and Superintendent Martinez. The United States Marshals Service is appointed to serve these Defendants. The other Defendants are dismissed. The clerk shall send to Plaintiff a magistrate judge consent form and filing instructions along with a copy of this order.

O [**For further details see text below.**]  Docketing to mail notices.

## STATEMENT

    Plaintiff, Raheen Wade (#2010-0325253), is currently incarcerated at Cook County Jail. He has filed this civil rights complaint under 42 U.S.C. § 1983 against Sheriff Tom Dart, Executive Director Salvador Godinez, Superintendent Martinez (the supervisor of Division 10), Dr. Fagus (the former administrator of Cermak Health Center), and Psychiatrists Taylor and McHugh. Plaintiff states he is housed on either the third or fourth floor of Division 10 of the jail, which houses inmates in need of psychiatric care. He states that inmates on his floor are treated differently than inmates on other floors insofar as his floor are locked up for significantly longer periods and receive less psychiatric care. He contends that there is no penalogical interest supporting the difference in treatment, since the inmates on floor two engage in more fights than inmates on his floor.
    Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), he is assessed an initial partial filing fee of $12.20. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer is directed to collect monthly payments from Plaintiff's account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. Plaintiff shall remain responsible for this payment obligation, and Cook County Jail officials shall notify transferee authorities of any outstanding balance in the event that Plaintiff is transferred.
(**CONTINUED**)

isk

| STATEMENT (continued) |
|---|

      Preliminary review of Plaintiff's complaint, *see* 28 U.S.C. § 1915A, indicates that Plaintiff may proceed with his claims against Tom Dart and Superintendent Martinez, but not the other Defendants. Plaintiff specifically refers only to Defendant Dart as the party who enacted or allowed the Division 10 lockdown policies. The complaint may thus proceed against Dart. With respect to Superintendent Martinez, who allegedly oversees Division 10, a reasonable inference drawn from Plaintiff's alleged facts indicates that she may be involved with detention of inmates in that unit.

      With respect to the other Defendants, however, Plaintiff merely states "all defendants played a part in the liberty restriction." (Complaint at 7.) Such a broad allegation is insufficient to state claim against the other Defendants. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action is not enough).

      Accordingly, the clerk shall issue summonses for Tom Dart and Superintendent Martinez. The other Defendants are dismissed.

      The United States Marshals Service is appointed to serve Tom Dart and Superintendent Martinez. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve the Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the Defendants. With respect to any former jail employee who can no longer be found at the work address provided by the plaintiff, Cook County Jail shall furnish the Marshal with the Defendant's last known address. The information shall be used only for purposes of effectuating service, or to show proof of service should a dispute arise. Documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service. If a waiver of service is not obtained, the Marshal shall then attempt personal service.

      Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. Plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any court filing to the Defendants, or to their counsel if an attorney enters an appearance on their behalf. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to Plaintiff.